# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT LAWRENCE, an Individual** | 1:19-cv-00302-LJO-EPG |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND.** |
| **v.** | |
| **WELLS FARGO BANK, N.A., a National Association; FIRST AMERICAN TITLE INSURANCE COMPANY, a Nebraska Corporation; and DOES 1 through 100 inclusive.** | (ECF No. 4) |
| **Defendants.** | |

## I. <u>PRELIMINARY STATEMENT TO PARTIES AND COUNSEL</u>

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if

Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the Nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. INTRODUCTION

Plaintiff Robert Lawrence ("Plaintiff" or "Lawrence") brings the present action against Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") and First American Title Insurance Company ("First American")[1] for the alleged wrongful foreclosure of Plaintiff's home. Plaintiff brings claims of wrongful foreclosure, fraudulent misrepresentation, negligent misrepresentation, promissory estoppel, and for violation of California's Unfair Competition Law (UCL), California Business & Professions Code § 17200 *et seq*.

Under review is Wells Fargo's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 4. For the reasons set forth below, the Court grants Defendant's motion to dismiss with leave to amend.

## III. BACKGROUND[2]

Plaintiff Robert Lawrence was the owner of the residential real property located at 935 East Laurel Avenue, Porterville, California 93257 (the "Property"). ECF No. 1-1 ¶ 1. Defendant Wells Fargo Bank, N.A. is a national association conducting business in Tulare County California. ECF No. 1-1 ¶ 2. First American is a Nebraska corporation conducting business in Tulare County California.

On or around August 15, 2003, Lawrence entered into a loan agreement ("Loan") with Wells Fargo for $190,000 to finance the purchase of the Property. ECF No. 1-1 ¶ 12. To secure the note and

---

[1] First American has yet to make an appearance in this matter.

[2] Unless otherwise noted, the facts are taken from the Complaint, ECF No. 1-1. For purposes of the motion to dismiss all alleged material facts are taken as true and viewed in the light most favorable to Plaintiff. *Coalition For ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (2010).

2

Property, Lawrence executed a deed of trust. *Id.* Wells Fargo is the beneficiary under the deed of trust, and Fidelity National Title Insurance Company was named as the trustee under the deed of trust. *Id.*

In 2013, Lawrence began to experience a financial hardship from an illness that caused medical expenses and time away from work. *Id.* ¶ 13. Lawrence fell behind on his payments on the Loan. *Id.* ¶ 13. Lawrence claims he sought to reinstate the Loan and requested a payoff quote from Wells Fargo. *Id.* ¶ 14. In or around May 2016, Lawrence made a payment of $15,244.75 according to a reinstatement quote from Wells Fargo to reinstate the Loan. *Id.* Lawrence contends he "immediately followed up with Wells Fargo to ensure that his payment was applied to the Loan but never received confirmation." *Id.* ¶ 14.

Lawrence continued to make monthly payments on the Loan. ECF No. 1-1 ¶ 15. Shortly thereafter, Lawrence discovered that the reinstatement funds had been applied to a separate account rather than to the Loan. *Id.* ¶ 16.

On September 26, 2017, First American, on behalf of Wells Fargo issued a notice of default on the Property that was recorded on October 2, 2017.[3] ECF No. 1-1, Ex. B at 29, 32. The notice of default declared that Lawrence was in default for the installment due May 1, 2017 and all subsequent installments. *Id.*, Ex. B at 31. The total amount in default as of September 26, 2017 was $6,953.65. *Id.*, Ex. B at 29.

In January 2018, Lawrence applied for a loan modification with Wells Fargo and Wells Fargo denied the request. *Id.* ¶ 18.

On May 15, 2018, the Property sold at foreclosure sale to Wells Fargo as the highest bidder for $144,000. ECF No. 1-1, Ex. C at 45-46.

On January 22, 2019, Lawrence filed the present lawsuit against Wells Fargo, First American, and 1 to 100 unknown defendants, the "DOES" defendants. ECF 1-1, at 1.

---

[3] Lawrence contends that he never received notice of the change in trustee and avers that the notice of default is therefore void.

3

# IV. <u>LEGAL STANDARD</u>

**A.      <u>Motion to Dismiss under Rule 12(b)(6)</u>**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it

is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim.

## V. <u>ANALYSIS</u>

**1.     Fraudulent Misrepresentation and Negligent Misrepresentation**

In Lawrence's second cause of action, he contends that "Defendants . . . knowingly and willfully made false representations to Plaintiff, as described above." ECF No. 1-1 ¶ 32. Lawrence purports that Wells Fargo made a false statement when it told him he could reinstate the loan. *Id.* ¶ 26. Under Lawrence's negligent misrepresentation claim (third cause of action), he contends that Defendants made a false representation that they knew or should have known was false. *Id.* ¶ 39. For the elements of fraud, the Court looks to state law. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009). In California, the elements of fraud are (1) a misrepresentation; (2) made with knowledge of its falsity (scienter); (3) with the intent to defraud and induce reliance; (4) which did induce reasonable reliance; and (5) resulting damages. *Id.* The elements for the cause of action for negligent misrepresentation are the same as those of a claim of fraud, except that the defendant need not actually know the representation was false. *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). For negligent misrepresentation, it is sufficient to allege that the defendant lacked reasonable grounds to believe that the representation was true. *Id.*

Because these claims sound in fraud, Lawrence must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting [the] fraud[.]" In the Ninth Circuit, claims for fraud and negligent misrepresentation must

meet Rule 9(b)'s particularity requirements. *Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1127, 1139 (E.D. Cal. 2013); *Neilson*, 290 F. Supp. 2d at 1141. This heightened pleading standard requires the party to do more than simply identify a transaction and allege in a conclusory manner that the transaction was fraudulent. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superseded by statute on other grounds*. Rather, the party must set forth in detail "the who, what, when, where, and how" of the misconduct charged. *Vess*, 317 F.3d at 1106 (citation omitted). In a fraud action against a corporation, a plaintiff must allege the names of the persons who made the fraudulent representation, their authority to speak, to whom they spoke, what they said, and when the representation was made. *Khann*, 975 F. Supp. 2d at 1140.

The purpose of Rule 9(b) is to protect defendants from factually baseless claims of fraud as much as it is meant to give defendants notice of the claims asserted against them. *See Kearns*, 567 F.3d at 1125. When a party averring fraud fails to meet the heightened pleading standard of Rule 9(b), dismissal of the claim is proper. *See Vess*, 317 F.3d at 1107 ("A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim.").

The Court dismisses the claims of fraudulent and negligent misrepresentation because Lawrence fails to plead the circumstances of the fraud with particularity. Lawrence's complaint does not set forth the who, what, when, where, and how the fraudulent conduct occurred. Instead, the complaint vaguely alleges that Wells Fargo falsely informed Lawrence that he could reinstate the loan when Wells Fargo knew this was false or should have known this to be false. ECF 1-1, ¶¶ 32-33, 39. Lawrence then alleges that "[i]n bad faith, Defendants wrongfully refused to honor its promise to reinstate the Loan." *Id.* ¶ 35.

According to the allegations in the complaint, Lawrence experienced financial hardship in or around 2013, and he "shortly thereafter" requested a payoff quote. ECF No. 1-1, ¶ 13. Then in May 2016, Lawrence made the required $15,244.75 payment to reinstate the loan. *Id.* ¶ 14. Lawrence fails to allege when Wells Fargo provided the reinstatement quote, only offering a timeframe spanning from on

or around 2013 to May 2016—a period of more than three years. Next, the complaint does not allege who provided the quote. The complaint alludes to an oral promise to reinstate the loan, ECF No. 1-1 ¶ 44, but fails to identify who made such a promise.

The vague allegations that Wells Fargo promised to reinstate the loan for a specific amount and subsequently failed to honor the promise does not apprise Wells Fargo of its allegedly fraudulent conduct.

"Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). If the court concludes that dismissal under Rule 12(b)(6) is warranted, the court should not dismiss the complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

Given the opportunity, Plaintiff may be able to state the ostensibly fraudulent conduct with particularity which would place Defendants on notice of the who, what, when, where, and how the conduct was committed. Accordingly, the claims of fraudulent misrepresentation and negligent misrepresentation are dismissed with leave to amend.

**2.    Wrongful Foreclosure**

Lawrence's first cause of action alleges that Wells Fargo engaged in wrongful foreclosure of the Property in violation of California's Homeowner Bill of Rights ("HBR"), California Civil Code Section 2923, *et seq.* Lawrence contends that Wells Fargo acted in bad faith by misapplying Lawrence's reinstatement payment to another account. ECF No. 1-1 ¶ 26. According to the complaint, Wells Fargo falsely stated that Lawrence could reinstate the Loan and Wells Fargo knew the statements were false. *Id.* In addition, Lawrence argues that Wells Fargo violated the HBR by failing to comply with the requirements of California Civil Code Section 2923.5 ("Section 2923.5") and the notice of default provisions of California Civil Code Section 2924, *et seq.* ECF No. 1-1 ¶ 28.

The Court holds that the complaint fails to allege facts that give rise to a plausible claim of

wrongful foreclosure. The elements of an equitable cause of action to set aside a foreclosure sale are:

> (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.

*Lona v. Citibank, N.A.,* 202 Cal. App. 4th 89, 104 (2011).

*Alleged facts do not show illegal, fraudulent, or willfully oppressive sale*

First, Lawrence fails to adequately plead how Wells Fargo caused an illegal, fraudulent, or willfully oppressive sale of real property. Plaintiff argues that the complaint states a claim under the "illegal" and "willfully oppressive" prongs of this element, claiming that Wells Fargo violated Section 2923.5, which requires a lender or its agent to attempt to contact a defaulted borrower prior to foreclosure. *See* ECF No. 10 at 6. Section 2923.5(a)(2) requires a "mortgagee beneficiary or authorized agent" to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Section 2923.5(b) requires a default notice to include a declaration of compliance with Section 2923.5, including an attempt "with due diligence to contact the borrower as required by this section." Lawrence also points to California Civil Code Section 2924.11 ("Section 2924.11"), which prohibits a trustee's sale while a complete foreclosure prevention alternative application is pending. *See* ECF No. 10 at 6.

It is not clear from the complaint how Lawrence claims that the requirements of Section 2923.5 or Section 2924.11 were not followed. The complaint states, "Defendants cannot prove that the non-judicial foreclosure proceedings have complied with the statutory requirements of California Civil Code Sections 2923.5 and 2924, *et seq.*" ECF No. 1-1 ¶ 28. Plaintiff continues, "[a]s set forth above, Defendants have failed to comply with the requirements of California Civil Code [S]ections 2923.5 and 2924." ECF No. 1-1 ¶ 28. Plaintiff must allege "enough <u>facts</u> to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. These conclusory allegations fail to plausibly allege that Wells

8

Fargo caused an illegal or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust.[4]

To the extent Plaintiff attempts to base this claim upon "fraudulent" conduct, that claim fails for the reasons set forth above in the discussion on the claims of fraudulent and negligent misrepresentation.

*Failure to tender full amount of secured indebtedness*

Lastly, in a wrongful foreclosure claim, the plaintiff must show that the mortgagor tendered the amount of the secured indebtedness (or at least the amount the plaintiff was in default), or was excused from tendering. *Compare, e.g., Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (Ct. App. 1984) ("It is settled that an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security."), *Alicea v. GE Money Bank,* 2009 WL 2136969, at *3 (N.D. Cal. 2009) (same), *Lona*, 202 Cal. App. 4th at 104 (allowing for exceptions to full tender requirement), *with, e.g., Miller v. Washington Mut. Bank FA*, 776 F. Supp. 2d 1064, 1069 (N.D. Cal. 2011) (requiring tender of amount in default); *Lopez v. Chase Home Fin., LLC*, 2009 WL 1120318, at *6 (E.D. Cal. 2009) (same). The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 118 (Cal. Ct. App. 1971).

In the complaint, Lawrence makes the blanket statement that "Plaintiff stands ready, willing, and able to tender and pay the amounts due under the Loans . . . and is ready, willing, and able to make such payment at the times required of them by law." ECF No. 1-1 ¶ 24. This is insufficient to establish a credible tender offer by Plaintiff. Attempting to obscure the absence of tender by alleging that the plaintiff is ready, willing, and able to tender will not satisfy the tender requirement. *Flores v. EMC*

---

[4] To the extent Plaintiff is attempting to base his wrongful foreclosure claim on the assertion that he did not receive notice that "First American had replaced, substituted, and removed the prior named trustee under the Deed of Trust," ECF No. 1-1 ¶ 17, any amended complaint must make it clear that he is doing so. Counsel is warned, however, that any assertion that the procedure underlying the trustee substitution voided the notice of default must comport with Counsel's obligations under Rule 11, and frivolous allegations will not be tolerated in this overburdened Court.

9

*Mortg. Co.*, 997 F. Supp. 2d 1088, 1107 (E.D. Cal. 2014). Rather than supporting a credible tender offer, the complaint tends to show the absence of such an offer. Lawrence complains of a failed promise to reinstate the Loan in May 2016, yet Wells Fargo initiated foreclosure in September 2017 for defaulted payments starting in May 2017. Following the notice of default, Lawrence sought to modify the Loan which was denied in January 2018. These facts suggest that Lawrence was not able to tender the amount he was in default, let alone the full amount of secured indebtedness prior to the May 15, 2018 foreclosure sale. Accordingly, the complaint fails to allege a credible tender as required.

*Prejudice or harm to Lawrence*

To prevail on a claim of wrongful foreclosure, the plaintiff must show that she was prejudiced or harmed. *Lona*, 202 Cal. App. 4th at 104. Because the Court finds the claim defective on other grounds, it will not address prejudice or harm.

For these reasons, the complaint fails to make a plausible claim for relief under the theory of wrongful foreclosure. That claim is dismissed with leave to amend.

**3.      Promissory Estoppel**

Lawrence alleges promissory estoppel as his fourth cause of action. ECF No. 1-1 ¶¶ 43-49. A promissory estoppel claim requires a showing that (1) the defendant made a promise that is definite and clear; (2) the plaintiff reasonably relied on the promise; and (3) the plaintiff suffered substantial detrimental effect because of the reliance. *U.S. Ecology, Inc. v. State*, 129 Cal. App. 4th 887, 901 (2005). Promissory estoppel is "a doctrine which employs equitable principles to satisfy the requirement that consideration must be given in exchange for the promise sought to be enforced." *Raedeke v. Gibraltar Sav. & Loan Assn.,* 10 Cal. 3d 665, 672 (1974). "[P]romissory estoppel claims are aimed solely at allowing recovery in equity where a contractual claim fails for a lack of consideration, and in all other respects the claim is akin to one for breach of contract . . . ." *US Ecology, Inc.*, 129 Cal. App. 4th at 904. "The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the

10

expectations upon which he acted." *Garcia v. World Sav., FSB,* 183 Cal. App. 4th 1031, 1041 (2010).

Wells Fargo argues that any alleged oral promise to reinstate the loan was not a definite and clear promise. ECF No. 4, at 13. Similarly, Wells Fargo argues that Lawrence fails to show reliance on any alleged promise by Wells Fargo because the default occurred in October 2017, one year and five months after Lawrence made the reinstatement payment. *Id.*, at 13-14. In addition, the notice of default declares that Lawrence was in default on the installment due May 1, 2017 and for all subsequent installments. ECF No. 1-1, Ex. B, at 31. Therefore, by evaluating the notice of default, even if we assume that Wells Fargo promised to reinstate the Loan in May 2016, the foreclosure arose out of defaults on payments that occurred between May 2017 and October 2017. Accordingly, Lawrence cannot show that he relied on the promise or that he suffered a substantial detrimental impact as a result of such reliance. For these reasons, the promissory estoppel claim is dismissed with leave to amend.

**4.     Unfair Competition Law (UCL) Claims**

Lastly, Lawrence brings a claim under the Unfair Competition Law ("UCL"), California Business and Professions Code Section 17200, *et seq.* Under the UCL, any person or entity that has engaged, is engaging or threatens to engage in unfair competition may be enjoined in any court of competent jurisdiction. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (citing Cal. Bus. & Prof. Code §§ 17201, 17203). Unfair competition includes any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. A business act or practice needs to meet one of three criteria—unlawful, unfair, or fraudulent—to be considered unfair competition under the UCL. *Abramson v. Marriott Ownership Resorts, Inc.*, 155 F. Supp. 3d 1056, 1066 (C.D. Cal. 2016) (citing *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1093 (2007)).

Lawrence claims to have statutory standing to bring the UCL claim by the mere fact that Wells Fargo initiated foreclosure proceedings against him. Because the Court holds that the complaint fails to state a plausible claim for relief under the UCL, the Court does not need to address whether Lawrence

11

has statutory standing to pursue the UCL claim.

*"Unlawful" prong*

The complaint fails to identify unlawful conduct that would support a UCL claim.

The UCL's "unlawful" prong "borrows violations of other laws and treats them as independently actionable." *Wilson*, 668 F.3d at 1140. A violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong. *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1146 (N.D. Cal. 2010). Where a plaintiff cannot state a claim under the borrowed law, she cannot state a UCL claim under the "unlawful" prong either. *See Smith v. State Farm Mutual Automobile Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001).

Lawrence alleges that the Defendants committed unlawful business practices and "said acts and practices violate the contract between the parties, and Defendants' fiduciary duties." ECF No. 1-1 ¶ 59. The singular piece of specific misconduct alleged by Lawrence is that Wells Fargo promised to reinstate his loan and instead of applying the lump sum payment to reinstate the loan, applied it to another account. The complaint fails to set forth how Wells Fargo's conduct violated another law. Even if the Court assumes that Wells Fargo broke its promise to reinstate the loan, Lawrence does not demonstrate how this conduct broke the law.

*"Unfair" prong*

The UCL does not define the term "unfair" and the California courts are unresolved as to the exact definition under the statute. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012). The Ninth Circuit Court of Appeals has acknowledged a split in the California courts as to whether a claim under the "unfair" prong may be properly brought by consumers or if the cause of action is limited to competitors. *Id.* at 1170. Prior to the decision in *Cel-Tech Commc'ns Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999), the California courts held that "unfair" conduct occurs when the practice offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *Davis*, 691 F.3d at 1169 (citing *S. Bay Chevrolet*

*v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 886 (1999)). Under this approach, a court must balance the utility of the defendant's conduct against the gravity of the harm to the alleged victim. *Id. Cel-Tech* held that this balancing test provided too little guidance to the courts. 20 Cal. 4th at 185.

Accordingly, *Cel-Tech* adopted a separate analysis, holding that "unfair" means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Id.* at 544. California courts have been split on whether to apply the *Cel-Tech* approach or the pre-*Cel-Tech* balancing test to consumer actions alleging unfair conduct under the UCL. *Davis*, 691 F.3d at 1170. The *Davis* Court declined to decide which approach applied, holding that the plaintiff's claims failed under either alternative. *Id.* Similarly, Lawrence's claim that Wells Fargo's conduct was unfair fails under either approach.

As with Lawrence's other claims for relief, the UCL claims are overly broad and framed in a conclusory manner. The UCL allegations lack facts of Wells Fargo's specific wrongdoing to provide fair notice in order to defend the lawsuit.

In his opposition to Defendant's motion to dismiss, Lawrence contends that Wells Fargo's conduct was unfair because it lacked authority to conduct the foreclosure and it failed to follow its own "pre-Notice of Default outreach requirements." ECF No. 10, at 13. The complaint makes the unsupported, conclusory allegation that Wells Fargo was without authority to foreclose on Lawrence's property. Lack of authorization to initiate foreclosure does not support a wrongful foreclosure claim. *See Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154 (2011) (allowing a judicial proceeding to determine the authority of the party initiating foreclosure would be contrary to the comprehensive statutory scheme of nonjudicial foreclosures).

*"Fraudulent" prong*

Because Lawrence's UCL claim is grounded in alleged fraudulent conduct, he must meet the heightened pleading standard of Rule 9(b). He fails to meet that heightened pleading standard.

13

Where a UCL claim is grounded in alleged fraudulent conduct, it is subject to the heightened pleading standard of Rule 9(b). *See Vess*, 317 F.3d at 1103-04. When a plaintiff relies entirely on a unified course of fraudulent conduct as a basis for a UCL claim, the claim must satisfy the particularity requirements of Rule 9(b). *Kearns*, 567 F.3d at 1126-27.

Lawrence's UCL claim fails to plead the circumstances of the alleged fraudulent conduct with particularity. As analyzed above in the fraudulent and negligent misrepresentation claims, Lawrence fails to plead the who, what, when, where and how the misconduct was committed.

In sum, Lawrence does not substantiate his claim that Wells Fargo committed an unlawful, unfair, or fraudulent business act or practice that would allow his UCL claim to proceed. To the extent that his UCL claim relies on fraudulent conduct, he fails to plead with particularity as required by Rule 9(b). Therefore, the UCL claim is dismissed with leave to amend.

## VI. **CONCLUSION AND ORDER**

For the foregoing reasons, Wells Fargo's motion to dismiss is GRANTED with leave to amend. Plaintiff must file an amended complaint within 21 days of the date of this order. If Plaintiff cannot plead to satisfy the legal requirements outlined in this Order, the Court has no time to reeducate in any subsequent order.

IT IS SO ORDERED.

Dated: **August 7, 2019**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE